UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PAULA MANSOUR AWAD and RITA JABBOUR MANSOUR,**

    Plaintiffs,

v.                                                        Case No: 5:21-cv-601-JSM-PRL

**ALEJANDRO N. MAYORKAS, UR MENDOZA JADDOU, SARAH TAYLOR and KIMBERLY ZANOTTI,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiff Paula Mansour Awad filed a Form I-130 with the U.S. Citizenship and Immigration Services ("USCIS") to classify her mother, Plaintiff Rita Jabbour Mansour as an immediate relative for immigration purposes. The petition was denied by the USCIS's Washington Field Office in Fairfax, Virginia. The denial stated that approval was prohibited under § 1143(c) because Plaintiff Rita had previously entered a marriage for the sole purpose of evading the immigration laws.[2]

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] According to the Complaint, Plaintiff Rita married Joseph Issa, a citizen of the United States, in March 1995. Joseph filed a Form I-130 on behalf of Plaintiff Rita which was denied on December 21, 1998:

> …it is concluded that the petitioner has failed to present credible evidence that he and the beneficiary ever resided together or intended to establish a life together since that time of their marriage on March 14, 1995. He has failed to demonstrate the marriage was not solely for

In this action, Plaintiffs seek judicial review of the denial pursuant to the Administrative Procedure Act, 5 U.S.C. § 702. Pending before the Court is Defendants' motion to transfer venue to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), or in the alternative, to dismiss for failure to state a claim. (Doc. 18). For the reasons discussed below, the motion to transfer venue should be granted.

### I.     Discussion

Where, as here, defendants include agencies of the United States, or officers or employees of the United States or its agencies, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1); *see also, Ngonga v. Sessions, et al.,* 318 F.Supp.3d 270, 274 (D.D.C. 2018) (venue inquiry governed by § 1391(e)(1) where defendants included the Washington Field Office Director, the District Director of the Department of Homeland Security for that field office, the Secretary of DHS, and the Director of USCIS); *Bourdon v. United States Dept of Homeland Security*, 235 F.Supp.3d 298, 305 (D.D.C. 2017) (venue inquiry governed by § 1391(e)(1) where defendants included Department of Homeland Security (DHS), the Secretary of DHS, the United States Citizenship and Immigration Service (USCIS), and Director of the USCIS). As Plaintiff Rita resides in Lake County, Florida, which is within the

---

the purpose of circumventing immigration laws as indicated in his November 14, 1996 statement. The burden of proof has not been met. The petition is accordingly denied.

Exhibit 2 at 4 (emphasis added).

jurisdiction of the Middle District of Florida (and no real property is involved), venue is proper in this District.

Even so, the Court may nonetheless exercise its discretion under 28 U.S.C. § 1404(a) to transfer this action to another district court in the interests of justice and for the convenience of parties and witnesses. The party seeking transfer under § 1404(a) has the burden of establishing that the transferee forum is more convenient, and that transfer is appropriate. *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.,* 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010) (quoting *In re Ricoh Corp.*, 870 F.2d 570, 573 (1989)).

In considering a § 1404 transfer of venue, the court must make a two-pronged inquiry. First, the court must find that the alternative venue is one in which Plaintiff could have originally brought the action. 28 U.S.C. § 1404(a); *see also Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882, 885 (M.D. Fla. 1993). Here, there is no dispute that this action could have been brought in the Eastern District of Virginia since the events giving rise to Plaintiffs' claim occurred there. (See Doc. 21 at 5). Specifically, the subject I-130 petition was reviewed and ultimately denied by the USCIS Washington Field Office in Fairfax, Virginia. It is also undisputed that Plaintiffs Paula and Rita were interviewed in the Fairfax, Virginia office and that the administrative record was created and certified in Virginia as well.

Accordingly, the Court turns to the second prong—i.e., whether the transfer serves the interest of justice and significantly impacts the balance of convenience for the parties and witnesses. This inquiry calls on the Court to balance various private and public interest factors. *Ngonga v. Sessions, et al.,* 318 F.Supp.3d 270, 274 (D.D.C. 2018); *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted); *Pilkington v. United Airlines, Inc.*, 855 F.Supp. 1248, 1250 (M.D. Fla. 1994). The private interest factors include: (1) each

party's choice of forum, (2) where the claim arose, (3) convenience of the parties, (4) convenience of the witnesses, and (5) ease of access to sources of evidence. The public interest factors include: (1) the transferee court's familiarity with the applicable law, (2) the relative congestion of the two courts, and (3) the local interest in deciding local controversies at home.

While a plaintiff's choice of forum is usually given deference, the plaintiff's choice is accorded less weight where the choice of forum lacks any significant connection to the underlying claim. *See e.g., Jimenez v. R. & D. Masonry, Inc.,* No. 15-1255 (JEB), 2015 WL 7428533, at *3 (D.D.C. Nov. 20, 2015) (deference is "not always warranted 'where the plaintiff's choice of forum has no meaningful ties to the controversy,' and where transfer is sought 'to [a] forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected.'"). And transfer is favored "[w]hen the material events that form the factual predicate of a plaintiff's claim did not occur in [her] chosen forum." *Ngonga v. Sessions, et al.,* 318 F.Supp.3d 270, 275 (D.D.C. 2018) (*quoting Tower Labs, Ltd. v. Lush Cosmetics Ltd.,* 285 F.Supp.3d 21, 326 (D.D.C. 2018). For purposes of determining where a claim arose in a case brought under the APA, courts "generally focus on where the decisionmaking process occurred." *Ngonga v. Sessions, et al.,* 318 F.Supp.3d 270, 275 (D.D.C. 2018) (*quoting Nat'l Ass'n of Home Builders v. EPA*, 675 F.Supp.2d 173, 179 (D.D.C. 2009)).

Here, as discussed above, each step of Plaintiff Paula's I-130 petition—the "decisionmaking process" that forms the factual predicate of Plaintiffs' APA claim—occurred in the Eastern District of Virginia. And while Plaintiff Rita resides in the Middle District of Florida, that is the only connection between this District and the underlying claim. Indeed, Plaintiff Paula, potential witnesses, and sources of proof are all located in Virginia. Accordingly, the private interest factors strongly favor transfer.

As for the public interest factors, both courts can handle the application of federal law and neither party has made a showing regarding the relative caseloads and docket congestion. Accordingly, those factors are neutral. The final factor—the local interest in deciding controversies—points in the direction of transfer. Indeed, "'[c]ontroversies should be resolved in the locale where they arise,' a 'policy rationale [that] applies equally to the judicial review of an administrative decision which will be limited to the administrative record.'" *Ngonga v. Sessions, et al.,* 318 F.Supp.3d 270, 274 (D.D.C. 2018) (*quoting Trout Unlimited v U.S. Dep't of Agric.*, 944 F.Supp.13 at 19 (D.D.C. 1996).

## II.     Recommendation

Accordingly, for the reasons stated above, I submit that Defendants' motion to transfer this action to the Eastern District of Virginia (Doc. 18) should be **GRANTED** and Defendants' motion to dismiss for failure to state a claim should be **DENIED** without prejudice to being refiled in the Eastern District of Virginia, if appropriate.

Recommended in Ocala, Florida on April 7, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy